## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EDWARD V. LOPEZ,

       Petitioner,

-vs-                             Case No.  8:10-CV-2699-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

### ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus ("petition") challenging his convictions for receiving computer statements for the purpose of sexual conduct with a child, and use of a computer to seduce a child entered in 2007 by the Tenth Judicial Circuit, Polk County, Florida (Dkt. 1).  The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2010), and concludes that the petition is subject to summary dismissal as time barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,*126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).  *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the

one-year statute of limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

The AEDPA created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).   Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was final on March 4, 2007 (see Dkt. 1 at pgs. 1-2).[1] The AEDPA limitation period expired one year later on March 4, 2008, absent tolling pursuant to 28 U.S.C. § 2244(d)(2).  According to Petitioner's petition, he filed a motion to correct illegal sentence ("motion") on July 18, 2008 (Dkt. 1 at pg. 2).  The motion, however, was filed well beyond the expiration of the federal limitation deadline on March 4, 2008.  As a consequence, the motion did not toll the federal limitation period.  "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."

---

[1] *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (holding that if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires).

*Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Consequently, Petitioner's federal petition is untimely.

**Equitable Tolling**

The one-year limitation period is not jurisdictional, and is subject to equitable tolling in certain cases. *Holland v. Florida*, 130 S. Court. 2549, 2562 (2010).  Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).  Equitable tolling is an extraordinary remedy that is reserved for exceptional circumstances and typically applied sparingly. *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir.2005), *aff'd*, 549 U.S. 327 (2007)).  Petitioner bears the burden of showing that equitable tolling is appropriate under the particular facts of his case.  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  In the instant case, Petitioner asserts in his petition that he is entitled to equitable tolling because he did not have "access to his legal materials for a lengthy period of time."  (Dkt. 1 at pg. 9).

Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period.[2]  "Bare allegations of failing to have any legal materials is not sufficient, standing

---

[2]The Court notes that Petitioner has provided no information or documentation regarding the period of time he allegedly was without access to his "legal materials," or what those "legal materials" were.  Absent supporting evidence in the record, a court generally cannot consider a habeas petitioner's vague and conclusory assertions. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991).

alone, to entitle a petitioner to equitable tolling." *Bannister v. United States*, 2009 U.S. Dist. LEXIS 119489 at *4 (S.D. Fla. Nov. 24, 2009) (citing *United States v. Martinez*, 303 Fed. Appx. 590 (10th Cir. 2008) (stating that the petitioner "failed to show that he diligently pursued his rights, and, thus, equitable tolling of the limitations period was not warranted, where prisoner did not show that he requested any withheld materials from prison officials, or otherwise attempt to timely file despite being deprived of access to the law library and unspecified legal materials.")). Petitioner has not presented any allegation or evidence regarding the steps he took to diligently pursue his remedies during the time (whatever time that may be) that he was allegedly deprived of legal materials. *See Paulcin v. McDonough*, 259 Fed. Appx. 211, 213 (11th Cir. Fla. 2007) ("transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances" where prisoner "asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding.").[3]

Petitioner has not alleged extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time barred.

---

[3]The Court takes judicial notice of information available December 10, 2010, on the database maintained by the Clerk of the Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, that indicates that Petitioner's petition for belated appeal filed on July 18, 2008, in case no. 2D08-3517, was denied on March 5, 2009. See Fed. R. Evid. 201.

4

Accordingly, the Court **ORDERS** that:

1.      Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time barred.

2.      The **Clerk** shall terminate any pending motions and close this case.

3.      If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within **thirty (30) days** from the date of this order.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition is clearly time barred, Petitioner cannot satisfy the second prong of the *Slack* test.  529 U.S. at 484.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*